

# THE ATTORNEY GENERAL

## OF TEXAS

PRICE DANIEL
ATTORNEY GENERAL

April 28, 1949

Mr. S. C. McIntosh, Director
Gas Utilities Division
Railroad Commission of Texas
Austin, Texas

Opinion No. V-817

Re: The authority of the Rail-
road Commission to require
that installers of butane
equipment carry products
liability insurance.

Dear Mr. McIntosh:

Your letter requesting the opinion of the At-
torney General on the above question reads as follows:

"I would like to call your attention to
the second paragraph of Section 11, Article
6053, as amended, V.A.C.S., which prescribes
the insurance that the licensee, under the
Act, must obtain. It has been the policy of
this Division in the past to require the li-
censee to carry three separate policies,
namely: Workmen's Compensation, Manufactur-
er's and Contractor's Public Liability and
Automobile Bodily Injury and Property Damage.
We felt that these three types of policies
were necessary in order to protect the em-
ployees of the licensee and the public at
large under the above mentioned Section of
the above mentioned Article.

"It will be greatly appreciated by me if
your office would render an opinion as to
whether or not we are in a position to further
require Products Liability Insurance under the
above mentioned Section and Article. Products
Liability Insurance would insure the licensee
for any accident that might occur due to faul-
ty installation of butane equipment from the
time the equipment is installed through the
life of the policy."

Section 11, Article 6053, V.C.S. reads, in part, as follows:

"In addition to the bond herein required, such licensee shall be obligated to procure from some reliable insurance or surety company qualified to do business in the State of Texas, and keep same in force so long as they shall continue in business, a policy of insurance or surety bond which shall guarantee the payment of all damages which proximately result from any act of negligence, while engaging in any of the activities as herein provided, on the part of said licensee, their agents and employees, to both the employees of said licensee and also to the public generally said policy or bond to be in the sum of not less than Ten Thousand ($10,000.00) Dollars for personal injury for any one accident, and not less than Five Thousand ($5,000.00) Dollars for property damage for any one accident. Provided that this section shall not be applicable unless and until such bonds or policies of insurance are available for purchase and further provided that such bonds or policies of insurance shall be approved by the Railroad Commission of Texas."

Section 6 of Article 6053 provides that the Railroad Commission shall have "full power and authority to adopt and promulgate such rules and regulations as shall be reasonably necessary to carry out the purpose of this Act and for the protection, help, welfare and safety of the public and persons using such materials. . . ."

It is noted that all licensees under the provisions of Article 6053 are obligated to procure and maintain a policy of insurance or a surety bond which shall guarantee the payment of all damages to both the employees of the licensee and also to the public generally which proximately result from any act of negligence on the part of said licensee, their agents and employees, while engaging in any of the activities provided in the statute. You state that the Products Liability Insurance would insure the licensee for any accident that might occur due to faulty installation of butane equipment from the time the equipment is installed through the life of the policy.

It is evident that damages to the public generally could occur after the completion of installation of butane equipment, which proximately result from an act of negligence committed by the licensee, its agents or employees, while installing the equipment. As you have the authority to promulgate such rules and regulations as shall be reasonably necessary for the protection and safety of the public, it is our opinion that you have the authority to require licensees under the provisions of Article 6053 to procure and maintain Products Liability Insurance.

It is to be expressly understood that we are assuming that the coverage provided by the Products Liability Insurance policy is not presently provided in any of the three insurance policies now required. Under the provisions of the statute you could not require dual coverage, as such regulation would not be reasonably necessary.

### SUMMARY

The Railroad Commission of Texas may require licensees under the provisions of Article 6053, V.C.S., to procure and maintain an insurance policy or surety bond which would insure the licensee for any damages occurring after installation of butane equipment, which proximately resulted from an act of negligence committed by the licensee, its agents or employees, while installing such equipment.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

APPROVED

*Jon R. Greenhill*

FIRST ASSISTANT
ATTORNEY GENERAL

By *Durward M. Goolsby*
　　　Assistant

DMG:lg